# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VERNELL BUTCHER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-799 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Movant Vernell Butcher's motion for relief under 28 U.S.C. § 2255 (Doc. 2). The government concedes that the motion should be granted. For the following reasons, the Court will grant Butcher's motion and vacate his sentence.

## Background

On June 13, 2000, a jury convicted Butcher of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Butcher, 4:00-cr-134-JAR-1 (E.D. Mo.) (Crim. Doc. 21). On September 8, 2000, the Honorable Donald J. Stohr sentenced Butcher to 300 months in prison and five years of supervised release, after finding that he had three previous convictions for violent felonies that supported the imposition of an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As relevant, Butcher had one prior conviction for Missouri first-degree sexual assault, and two prior convictions for Missouri second-degree burglary (Original PSR (Crim. Doc. 57.2); Resentencing Report (Crim. Doc. 61)). Butcher's conviction and sentence were affirmed on appeal. United States v. Butcher, 13 F. App'x 476, 476-77 (8th Cir. 2001) (unpublished per curiam opinion). On June 6, 2016, Butcher filed the present motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255,

relying on Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016) (Doc. 2).

**Discussion**

The sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is generally no more than ten years in prison. 18 U.S.C. § 924(a)(2). If however, the defendant has three prior convictions for a "violent felony," the ACCA increases the sentence in felon-in-possession cases to a mandatory minimum of fifteen years, and maximum of life, in prison. 18 U.S.C. § 924(e).

The ACCA defines a violent felony to include any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added for "residual clause").

In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process. 135 S. Ct. at 2558, 2563. Because Johnson announced a new substantive rule, it applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016). Movant argues that, in light of Johnson, he does not have three prior convictions for a "violent felony," as that term is defined in the ACCA; and that his ACCA-enhanced sentence is illegal, as it exceeds the unenhanced, ten-year maximum term of imprisonment otherwise authorized for his felon-in-possession conviction.

The Court concludes that Butcher's sentence is unconstitutional because it exceeds the statutorily authorized sentence for his offense of conviction. Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (sentence imposed in excess of statutory authority is illegal).

Butcher's Missouri first-degree sexual assault conviction did not have as an element the use, attempted use, or threatened use of physical force against the person of another. It was not a burglary, arson, or extortion, nor did it involve the use of explosives. In light of Johnson and Welch, it cannot be considered a violent felony under the ACCA's, now unconstitutional, residual clause. The Court thus concludes that Butcher has no more than two prior convictions for a "violent felony" for purposes of applying the ACCA to his June 2000 felon-in-possession conviction. The Court will thus grant Butcher's motion for relief. 28 U.S.C. § 2255(a) (federal prisoner claiming right to be released on basis that sentence exceeds the maximum authorized by law may move to vacate, set aside, or correct sentence). Butcher has waived any right he may have to personally appear before the undersigned for purposes of resentencing (Crim. Doc. 62). The Court will proceed to resentence Butcher by entering an amended judgment in his criminal case. Accordingly,

**IT IS HEREBY ORDERED** that Movant Vernell Butcher's motion for relief under 28 U.S.C. § 2255 (Doc. 1) is **GRANTED**. An amended judgment will be entered in United States v. Butcher, No. 4:00-cr-134-JAR-1.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in United States v. Butcher, No. 4:00-cr-134-JAR-1.

Dated this 19th day of August, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE